**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DONALD FRANK SMITH, JR**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL NO. 5:16-cv-0122-CAR-CHW** |
| **VS.** | : | |
| | : | |
| **Commissioner BRIAN OWENS, et al,** | : | |
| | : | |
| **Defendants.** | | |

_____

**ORDER & RECOMMENDATION**

Plaintiff Donald Frank Smith, Jr., an inmate confined at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights action pursuant to 28 U.S.C. § 1983 and seeks leave to proceed in this action without prepayment of the filing fee despite his having filed three or more prior federal lawsuits which were dismissed as frivolous or failure to state a claim and thus has "three strikes" for the purpose of 28 U.S.C. § 1915(g). Upon consideration of Plaintiff's Complaint, as is required by 28 U.S.C. § 1915A, the undersigned finds Plaintiff's allegations insufficient to avoid the three strikes bar. The Motion to Proceed *in forma pauperis* is therefore **DENIED**; and it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE.**

### I.   Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a).  In so doing, the

district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

## II.  **Motion to Proceed *in forma pauperis***

After a liberal review of the allegations in Plaintiff's Complaint, the Court finds that

2

Plaintiff cannot proceed in this action without prepayment of the full $400 filing fee. Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).   If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

Court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveal that Plaintiff has filed multiple lawsuits in federal courts and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See Smith v. Nix*, 1:05cv2003 (N.D.Ga. Aug. 16, 2005) (dismissed for failure to state a claim); *Smith v. Sizzer*, 1:07cv2201, ECF No. 3 (N.D.Ga. Sept. 28, 2007) (dismissed as frivolous); *Smith v. Donald*, 1:08cv1234, ECF No. 3 (N.D.Ga Apr. 30, 2008 (dismissed as frivolous). *See also Smith v. Danforth*, No. 7:12cv23, ECF No. 27, 28 (M.D. Ga. Feb. 1, 2012) (collecting cases and addressing Mr. Smith's objections to the determination he is a "three-striker").

3

Plaintiff in fact concedes this point, and his Complaint does state that he is in "imminent danger of serious physical injury."   To invoke this exception to § 1915(g), however, a plaintiff must do more than claim that such a danger exists; he must also allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Attny's Ofc*., 334 F. App'x 278, 279 (11th Cir. Aug. 22, 2009).   Complaints of past injuries are not sufficient.   *Id.*   Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying the "imminent danger of serious physical injury" exception because the pleading was "largely a collection of vague and utterly conclusory assertions").   The exception is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is *serious* physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (emphasis added).

Though it is not clearly shown in the complaint, the Court presumes that the "imminent danger" to which Plaintiff refers is related to his claim of an inmate assault on October 23, 2015.   According to the Complaint, Plaintiff and another inmate were attacked and injured by four "gang member" inmates.   Plaintiff was provided medical treatment for his injuries and all inmates involved (including Plaintiff) were issued disciplinary reports for "participating in a disturbance" and sent to the "hole."   In his witness statement, and while he was in the hole, Plaintiff requested protective custody.   A week later, on or about October 29, 2015, Plaintiff was released from the hole and placed

4

back on the "same side of the prison compound" where many members of the same gang as Plaintiff's attackers are housed – including at least one of Plaintiff's assailants.   On one occasion in December of 2015, that inmate vaguely stated (presumably to Plaintiff), "Yeah, you know what's up . . . it's only a matter of time."   Plaintiff, however, does not allege that this or any other gang member has made a *specific* threat to physically injure him since that time.   Nor does Plaintiff claim to have since requested protective custody or otherwise notified any prison official that he feared an *imminent* danger posed by anyone after his release from disciplinary confinement on October 29, 2015.

Although the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff, his allegations of a possible danger posed by gang members housed on "the same side of the prison compound" and of a single comment made by another inmate more three months prior to the filing of Plaintiff's complaint are not sufficient to avoid the three strikes bar under the "*imminent* danger of serious physical injury" exception. *Compare Percival v. Heyns*, No. 1:14-CV-1260, 2014 WL 7212952, at *3 (W.D. Mich. Dec. 17, 2014) (imminent danger not established when prisoner alleged he was still housed "in the vicinity of his attacker"); *Hickmon v. Florida Dep't of Corr.*, No. 4:07CV210-WS, 2007 WL 3023990, at *2 (N.D. Fla. Oct. 16, 2007) (imminent danger not plead where no threats had been made in months and no allegations that prison officials have ignored an imminent danger); *Wetzel v. Goodwin*, No. 5:14-CV-3331, 2015 WL 965688, at *2 (W.D. La. Mar. 3, 2015) (allegations that plaintiff and his attacker were housed in separate cells which happen to be "in close proximity" do not establish imminent

5

danger) (citing *Carlton v. Wright*, 2014 WL 2300436 (E.D. Tex. 2014) ("... the mere fact that [the plaintiff] is in the same housing area as an inmate who assaulted him several months ago and has recently made threats does not show that [he] is in imminent danger of serious physical injury ..."); *Savage v. Stickman*, No. CIVA 06-269J, 2007 WL 550268, at *5 (W.D. Pa. Feb. 16, 2007) ("threats of assaults and injuries at some unspecified time in the future failed to come within the exception permitted by 1915(g)"); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

This conclusion is further confirmed by looking to Plaintiff's complaint as a whole. Plaintiff claims to be in *imminent danger of serious physical injury* because "the episodes in [the] complaint are [part of] "an ongoing conspiracy of disciplinary actions, threats, and violence that is being committed by the defendants against Plaintiff out of retaliation for his prior litigation." Compl. at p.27.   Although Plaintiff alleges that incidents involving false disciplinary reports, denial of due process, and the taking of his property, occurred over the past two years, his allegations do not demonstrate any "meeting of the minds" as is necessary to establish the existence of a conspiracy among defendants (or among defendants and inmates) to cause him serious physical injury. *See Bailey v. Board of County Comm'rs of Alachua Cty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992).   *See also Luedtke*, 32 F. Supp. 2d at 1077 ("complaints of past abuse ... [and] vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are . . . insufficient and lack the specificity necessary to show an imminent threat of serious physical injury"); *King v. Livingston*, 212 Fed. Appx. 260, 2006 WL 3627075 (5th Cir.

6

Dec. 11, 2006) (allegations that plaintiff had been assaulted several times and that defendants have attempted to cause serious injury to the plaintiff for a long time were not sufficient to avoid the application of the three-strikes bar).   Nor does Plaintiff describe a viable causal connection between his physical injuries and his filing of federal lawsuits at another prison more than two years earlier, so as to suggest a retaliatory motive to cause him serious physical injury. *See Luedtke*, 32 F. Supp. 2d at 1077.   Indeed, the majority of Plaintiff's claims allege only disciplinary or verbal harassment and do not in any way suggest that Defendants presently intend to cause him serious physical injury.

**III.   Conclusion**

Because Plaintiff's allegations fail to demonstrate an imminent danger of serious physical injury, his Motion to Proceed *in forma pauperis* is **DENIED**. When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to then dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).   It is thus **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

This dismissal could, in effect, be *with* prejudice as to some other claims included in the complaint because the statute of limitations may bar refiling of those claims.   Plaintiff, however, has not alleged any facts which would link (or even suggest the ability to link) those claims with an imminent danger of serious physical injury so as to allow him to avoid the three strikes bar for those claims standing alone.   Plaintiff cannot boot-strap these claims to one involving an imminent threat of serious physical injury, so as to avoid the

7

three strikes bar, and an attempt to amend those claims cannot cure this deficiency.

### IV.   __Right to File Objections__

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the United States District Judge to whom this case is assigned - or otherwise amend his complaint to in an attempt to cure the deficiencies noted herein - **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.   Plaintiff may seek an extension of time in which to file his written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED**, this 12th day of July, 2016.

s/ Charles H. Weigle＿＿＿＿＿＿＿
Charles H. Weigle
United States Magistrate Judge

8