IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DONALD FRANK SMITH, JR.,          :
                                  :
    Plaintiff,                    :
                                  :
v.                                :          No. 5:16-CV-122-CAR-CHW
                                  :
Commissioner BRIAN OWENS, *et al*, :          Proceedings under 28 U.S.C. § 1983
                                  :
    Respondent.                   :
_____ :

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation to dismiss Plaintiff's Complaint without prejudice.  Plaintiff has filed a timely Objection to the Recommendation [Doc. 9].  This Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects.  For the following reasons, the Court finds the Objection to be without merit.

In the Recommendation, the Magistrate Judge denied Plaintiff's Motion for Leave to Proceed *in forma pauperis* because Plaintiff has previously filed three or more lawsuits that have been dismissed as frivolous or malicious or for failure to state a

claim, and Plaintiff's Complaint fails to show he is in "imminent danger of serious physical injury."[1]  Thus, because the Motion to Proceed *in forma pauperis* was denied, the Magistrate Judge recommends dismissing the Complaint without prejudice.[2]  Subsequently, Plaintiff filed a Supplemental Complaint [Doc. 6] and an Objection to the Recommendation [Doc. 9].

In the Supplemental Complaint, Plaintiff adds two more incidents to support his claims of deliberate indifference and cruel and unusual punishment.  Plaintiff claims in May 2016, Defendants moved a gang member who previously attacked Plaintiff into the same dorm as Plaintiff, and, in June 2016, Defendants handcuffed Plaintiff and allowed an inmate to "force shave" his beard off, which he is allowed to wear due to his religious beliefs.  This Court will consider both the Complaint and the Supplemental Complaint in assessing Plaintiff's Objection to the Recommendation.[3]

In his Objection, Plaintiff disagrees with the Magistrate Judge's conclusion that Plaintiff's allegations fail to demonstrate an imminent danger of serious physical

---

[1] 28 U.S.C. § 1915(g).

[2] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (concluding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)").

[3] The Court will consider only the allegations in the Complaint and Supplemental Complaint in assessing whether Plaintiff is under imminent danger of serious physical injury. *See Miller v. Meadows*, No. 5:05-CV-29(CAR), 2005 WL 1983838, at *4 (M.D. Ga. Aug. 11, 2005) (finding documents outside the complaint and amended complaint are not appropriate to consider when determining the "imminent danger" exception).

injury. The Magistrate Judge determined Plaintiff's allegations of possible danger posed by gang members housed nearby and a single threat by another inmate were not sufficient to avoid the three-strikes bar to proceeding *in forma pauperis*. However, Plaintiff claims the imminent physical danger arises from Defendants' continued harassment and threats against him, as well as their failure to protect him from other prisoners. Specifically, Plaintiff contends Defendants have threatened to take disciplinary action against him if he did not remove paperwork from his cell or comply with other orders; Defendants continue to put Plaintiff in danger by placing him near gang members and denying his request for protective custody; and Defendants ignore his requests to see a psychiatrist for his mental therapy. Plaintiff argues these episodes are an ongoing pattern of threats and violence that Defendants have conspired to commit upon Plaintiff in retaliation for his prior litigation, and this is evidence of the likelihood of imminent serious physical injury. However, the Court disagrees.

To establish the "imminent danger" exception, Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of

misconduct evidencing the likelihood of imminent serious physical injury."[4] "[V]ague allegations of harm and unspecific references to injury are insufficient."[5] Additionally, claims that a prisoner has faced past imminent danger are an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.[6]

In this case, Plaintiff's allegations in his Complaint and Supplement Complaint do not show Plaintiff is in danger of any *serious physical* injury. Plaintiff mainly complains of verbal harassment, deprivation of property, or unwarranted disciplinary proceedings against him. Plaintiff allegations only mention two assaults or injuries, which both occurred over a year ago and involve other prisoners, not Defendants. His claim of a conspiracy amongst the Defendants to retaliate against him for previous litigation is conclusory and unsupported by facts. A few vague, verbal threats and the proximity of one or two gang members Plaintiff had a previous altercation with are not enough to show Defendants are intentionally placing him in danger or there is a

---

[4] *Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007); *see also Sutton v. District Attorney's Office, of Gwinnett Superior Court, Ga.*, 334 F.App'x 278, 279 (11th Cir. 2009) (per curiam).
[5] *Ball*, No. 06-0496-CG-M, 2007 WL 484547, at *1.
[6] *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

conspiracy to do so.[7]  Furthermore, regarding the "forceful shaving" Plaintiff alleges in his Supplemental Complaint, it does not appear Plaintiff suffered any physical injury from this event, nor is there evidence that this is part of a conspiracy against Plaintiff. Ultimately, Plaintiff's allegations of threats and assaults do not demonstrate the likelihood of imminent *serious physical* injury.

In addition, Plaintiff's allegations of Defendants' failure to provide adequate medical treatment are not sufficient to invoke the "imminent danger" exception. Plaintiff only generally states his requests to see a psychiatrist have been ignored, but Plaintiff does not describe what his medical condition is, or what physical injury resulted from not receiving medical attention.[8]  "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke" the exception.[9]

---

[7] *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In … conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required…. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed.").

[8] *See Skillern v. Paul*, 202 F.App'x 343, 344 (11th Cir. 2006) (per curiam) (finding the "imminent danger" exception did not apply because the plaintiff failed to allege specific facts about the consequences of being deprived medication, and alleging the deprivation "may result in suffering serious physical injury" was not sufficient when the plaintiff "did not present any description of the condition giving rise" to the need for medication and did not claim he suffered a physical injury from not receiving the medication).

[9] *Miller*, No. 5:05-CV-29(CAR), 2005 WL 1983838, at *2 (citing *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

Therefore, the Court agrees with the Magistrate Judge's conclusion Plaintiff cannot invoke the "imminent danger" exception to the three-strikes provision of § 1915(g).   Accordingly, the Recommendation of the United States Magistrate Judge [Doc. 5] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.   Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice**.

**SO ORDERED,** this 17th day of November, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

6